UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

APRIL LEON, o/b/o J.E.V.,

                          Plaintiff,

v.                                                    1:19-CV-0491
                                                      (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC           JEANNE MURRAY, ESQ.
  Counsel for Plaintiff                        KENNETH HILLER, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                   RICHARD PRUETT, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II      NOAH SCHABACKER, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 20.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## I.    RELEVANT BACKGROUND

### A.     Factual Background

Claimant was born in 2009 and was a preschooler at the time of filing and a school-age child at the time of the hearing.  (T. 702); 20 C.F.R. § 416.926a(g)(2). Claimant's alleged disability consists of attention deficit hyperactivity disorder ("ADHD"), anger issues, hyperactivity, congenital anomaly of left ear, and speech and language delays.  (T. 191.)

### B.     Procedural History

On April 11, 2012, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act on Claimant's behalf.  (T. 104.)  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").   On May 28, 2014, Plaintiff and Claimant appeared before the ALJ, Michael W. Devlin via phone and ALJ Devlin issued an unfavorable decision on the record.  (T. 75-95.)  On August 26, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-7.)  Thereafter, Plaintiff timely sought judicial review in this Court.  On February 28, 2018, this Court remanded Plaintiff's claim for further proceedings.  (T. 793-806); *Leon o/b/o J.E.V. v. Colvin*, No. 1:15-CV-00914, 2018 WL 1081016 (W.D.N.Y. Feb. 28, 2018).  On September 21, 2018, Plaintiff and Claimant appeared before the ALJ, Brian Kane.  (T. 727-764.)  On December 19, 2018, ALJ Kane issued an unfavorable decision.  (T. 696-726.)  Plaintiff subsequently filed this action.

### C.     The ALJ's 2018 Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found Claimant was a preschooler at the time of filing

and a school-aged child at the hearing pursuant to 20 C.F.R. § 416.926a(g)(2).  (T. 702.)  Second, the ALJ found Claimant had not engaged in substantial gainful activity since the application date.  (*Id*.)  Third, the ALJ found Claimant suffered from the severe impairments of attention deficit disorder ("ADD"), adjustment disorder, anxiety, impulse control disorder, and speech and language developmental delays.  (*Id*.)  Fourth, the ALJ found Claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I ("the Listings").  (*Id*.)  Fifth, the ALJ found Claimant did not have an impairment or combination of impairments that functionally equaled an impairment set forth in the Listings.  (T. 703-717.)  Sixth, and finally, the ALJ concluded Claimant had not been disabled, as defined by the Social Security Act, since April 11, 2012, the date his application was filed.  (T. 717.)

## II.    THE PARTIES' BRIEFINGS

### A.    Plaintiff's Arguments

Generally, in support of her motion for judgment on the pleadings, Plaintiff makes one argument.  Plaintiff argues the ALJ failed to properly evaluate Claimant's functioning within the functional domains of acquiring and using information, attending and completing tasks, and caring for himself.  (Dkt. No. 11 at 26-35.)  Plaintiff also filed a reply in which she reiterated her original argument.  (Dkt. No. 19.)

### B.    Defendant's Argument

Generally, in support of his cross-motion for judgment on the pleadings, Defendant makes one argument.  Defendant argues substantial evidence supported the ALJ's determination.  (Dkt. No. 18 at 13-20.)

## III.    RELEVANT LEGAL STANDARD

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *see Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of eighteen is considered disabled within the meaning of the Act "if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Commissioner has set forth a three-step process to determine whether a child is disabled as defined under the Act. *See* 20 C.F.R. § 416.924.

At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. 20 C.F.R. § 416.924(b). If so, the child is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the child has a medically determinable impairment(s) that is "severe." *Id.* § 416.924(c). If the child does not have a severe impairment(s), he or she is not disabled. *Id.* If the child does have a severe impairment(s), the ALJ continues to step three and examines whether the child's impairment(s) meets, medically equals, or functionally equals the listed impairments in Appendix 1 to Subpart P of Part 404 of the Commissioner's regulations (the "Listings").

*Id.* § 416.924(d).  In determining whether an impairment(s) functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for him or herself; and (6) health and physical well-being.  *Id.* § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* § 416.926a(a).  A child has a "marked" limitation when his or her impairment(s) "interferes seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2).  A child has an "extreme" limitation when his or her impairment(s) "interferes very seriously" with his or her ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(3).

If the child has an impairment(s) that meets, medically equals, or functionally equals the Listings, and the impairment(s) meets the Act's duration requirement, the ALJ will find the child disabled.  20 C.F.R. § 416.924(d).

## IV.    ANALYSIS

Plaintiff argues the ALJ improperly found Claimant had less than marked limitations in the domains of "acquiring and using information" and "attending and completing tasks," and no limitations in the domain of "caring for himself" despite evidence that supported at least marked to extreme limitations in these domains.  (Dkt. No. 11 at 26-34.)  Plaintiff argues the ALJ's determinations in the domains was based on "a selective reading of evidence, and excessive reliance on the fact that [Claimant] had improved without recognizing that improvement [was] based on a structured special

6

education environment and the efforts of teachers and therapists [which] is insufficient to support a finding that [Claimant's] functional limitations are not marked, and the fact that [Claimant] improved with medication does not preclude a finding of marked limitations in any domain."  (*Id*. at 31-32.)

As noted by Defendant, although Plaintiff argues the ALJ "mischaracterized" and "cherry picked" the record, Plaintiff fails to provide a single example supporting her argument.  (Dkt. No. 18 at 18.)  Plaintiff merely asserts the ALJ cherry picked evidence documenting improvement and ignored evidence supporting "at least marked limitations despite his highly structured setting and medication."  (Dkt. No. 11 at 32.)  Plaintiff proceeds to rely on evidence in the record of Claimant's 2018 IEP, structured setting, and the teacher questionnaire from Jennifer Sonnecher, which she claims supports her assertion Plaintiff had greater limitations.  (*Id*. at 32-33.)  However, the ALJ thoroughly and accurately summarized the evidence in the record in his decision, including the evidence outlined by Plaintiff, and a review of the record and the ALJ's decision fails to support Plaintiff's claim of "mischaracterization" and "cherry picking."  (T. 708-709.)

Although Plaintiff argues the ALJ mischaracterized and cherry picked the record, Plaintiff essentially disagrees with the ALJ's weighing of the evidence.  Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).  Under the substantial evidence standard of review, Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record.  *See Brault v. Soc.*

*Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012).  Here, Plaintiff fails to show

that no reasonable factfinder could have reached the ALJ's conclusion.  As outlined

further herein, substantial evidence supported the ALJ's determination in the domains.

Contrary to Plaintiff's assertion, the ALJ properly considered Claimant's

"structured setting" in his decision.  *See Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59

(2d Cir. 2013) ("it is clear from the record that the ALJ did consider the effects of the

structured setting and simply reached a conclusion, supported by substantial evidence,

with which Bonet does not agree").  The regulations state when a claimant is in a

structured educational setting, the ALJ must evaluate the effect of that setting on the

claimant.  20 C.F.R. § 416.924a(b)(5)(E)(iv).  Because such a setting "may minimize

signs and symptoms of [the claimant's] impairment(s)," the ALJ must "consider [the

claimant's] need for a structured setting and the degree of limitation in functioning [he or

she has] or would have outside the structured setting."  *Id.*  The ALJ acknowledged

Claimant's need for educational services, such as an Individual Education Plan ("IEP"),

throughout his decision.  (T. 706-709.)  Moreover, the ALJ considered evidence

concerning Claimant's ability to perform tasks both inside and outside his "structured"

setting.  (*Id.*)

Plaintiff also appears to argue the ALJ erred in affording "good weight" to the

May 2018 teacher questionnaire completed by Ms. Sonnecher.  (Dkt. No. 11 at 32.)

Plaintiff argues the use of the term "good" does not provide "any indication of how much

weight was actually given to this opinion," and the ALJ "discounted" the opinion in favor

of teacher Stephen Baker's questionnaire.  (*Id.*)  Contrary to Plaintiff's assertion, the use

of the term "good" does not frustrate meaningful review and clearly the ALJ did not

discount Ms. Sonncher's opinion.  The ALJ considered Ms. Sonncher's questionnaire in his decision and specifically relied on her opinions in making his determination in the domain of attending and completing tasks.  (T. 712); *see Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability").

With regard to the domain of acquiring and using information, the ALJ considers "how well a child is able to acquire or learn information, and how well a child uses the information he has learned."  20 C.F.R. § 416.926a(g).  "This domain involves how well children perceive, think about, remember, and use information in all settings, which include daily activities at home, at school, and in the community."  *Id*. § 416.926a(g). The ALJ properly determined Claimant had a less than marked limitation in the domain of acquiring and using information and substantial evidence supported his determination.  (T. 709-711.)

The ALJ determined Claimant had a "less than marked" limitation in this domain. (T. 710.)  The ALJ relied on medical opinion evidence, teacher questionnaires, and school records and testing.  Consultative examiner, Christine Ransom, Ph.D., examined Claimant and opined he had "mild difficulty attending to, following and understanding age appropriate directions and completing age appropriate tasks."  (T. 535, 710-711.) Dr. Ransom further opined Claimant had mild difficulty responding appropriately to changes in the environment, learning in accordance with cognitive functioning, asking

questions and requesting assistance in an age appropriate manner, being aware of danger and taking needed precautions.  (T. 535, 711.)

In addition to Dr. Ransom's opinion, the ALJ relied on Claimant's school record, report cards, and testing.  (T. 711.)  Indeed, a 2014-15 report card indicated Claimant approached or met current grade level expectations in reading, English, and math.  (T. 939-940.)  Claimant's most recent report card for the 2017-18 school year noted passing grades.  (T. 1053-1054.)

The ALJ further relied on the questionnaire completed by Claimant's special education teacher, Janey Barret.  (T. 711.) Ms. Barret reported Claimant had "slight" to "no problems" in the domain of acquiring and using information."  (T. 307.)  The ALJ relied on Claimant's teacher, Stephen Baker, who opined Claimant had "a serious problem" expressing ideas in written form, and moderate problem understanding content vocabulary, comprehending written material, and applying problem solving skills."  (T. 711, 1040.)  The ALJ noted, however, Mr. Baker opined Claimant had "a slight problem" comprehending oral instructions and doing math problems, understanding and participating in class discussions, providing organized oral explanations and adequate descriptions, learning new material, and recalling and applying previously learned material.  (*Id*.)

Lastly, the ALJ relied on Claimant's IEP which noted he was impulsive and struggled with speech sound production/articulation, and worked carelessly on assignments; however, he demonstrated age appropriate expressive and receptive language skills.  (T. 711.)  Therefore, substantial evidence in the record supported the

ALJ's determination Claimant had less than marked limitation in the domain of acquiring and using information.

The ALJ properly determined Claimant had less than marked limitation in the domain of attending and completing tasks and his determination was supported by substantial evidence in the record.  (T. 711-713.)  In this domain, the ALJ considers how well Claimant is able to focus and maintain attention and how well he begins, carries through, and finishes his activities, including the pace at which he performs activities and the ease with which he can change them.  20 C.F.R. § 416.926a(h).

In making his determination, the ALJ relied on teacher questionnaires, school records, and Plaintiff's testimony.  (T. 712-713.)  The ALJ considered Ms. Sonncher's opinion and Mr. Baker's opinion regarding this domain.  (T. 712.)  Ms. Sonncher indicated Claimant had a "serious problem" completing homework and carrying out multi-step instructions" and a "very serious problem" completing work.  (T. 978.)  She further indicated he had a "slight problem" refocusing to task, paying attention when spoken to directly, sustaining attention during play, carrying out single-step instructions, organizing own things or school materials, working at a reasonable pace, and changing from one activity to another without being disruptive.  (*Id*.)  Mr. Baker reported Claimant had a "serious problem" completing homework and "moderate problems" refocusing to task, carrying out multi-step instructions, and complete work accurately.  (T. 1041.)  Mr. Baker also opined Claimant had a "slight problem" paying attention when spoken to directly, sustaining attention during play, focusing long enough to finish assigned activities, carrying out single-step instructions, and working without distracting self or

others.  (*Id.*)  Lastly, he opined Claimant had no problem waiting to take turns and changing from one activity to another.  (*Id.*)

The ALJ relied on Claimant's IEP indicating he was very motivated to do well, responded greatly to positive reinforcement and his classroom teacher reported that he tried his best, he was eager to please, and he gave his best effort in class daily.  (T. 712.)  Lastly, the ALJ relied on Plaintiff's testimony that Claimant had problems focusing and completing homework; however, Mr. Baker reported Claimant was able to complete work when taking medication.  (T. 713.)  Therefore, the ALJ concluded, considering the IEP reports and grades in conjunction with two most recent teacher reports, Claimant clearly had problems in this domain, but "on balance, his ability to attend and complete tasks is less than marked, and gradually improving."  (T. 713.)

The ALJ properly determined Claimant had no limitation in the domain of caring for himself and substantial evidence in the record supported this conclusion.  (T. 716-717.)  In this domain, the ALJ considers "how well a child maintains a healthy emotional and physical state, including how well a child satisfies his physical and emotional wants and needs in appropriate ways."  20 C.F.R. § 416.926a(k).  "This includes how the child copes with stress and changes in the environment and how well the child takes care of his own health, possessions, and living area."  *Id*. § 416.926a(k).

The ALJ based his conclusion in the domain on teacher reports indicating Claimant had no problems taking care of personal hygiene, dressing, eating, cooperating, being responsible, using good judgment, and identifying and appropriately asserting emotional needs.  (T. 716-717.)  Further, Plaintiff did not testify that Claimant

had problems in the ability to care for himself.  (*Id*.)  Therefore, substantial evidence supported the ALJ's determination in this domain.

Overall, a review of the record indicated the ALJ did not mischaracterize or cherry pick the evidence in the record.  The ALJ properly considered Plaintiff's functioning inside and outside of his school setting and IEP.  The ALJ properly considered Claimant's functioning in the domains of acquiring and using information, attending and completing tasks, and caring for himself.

The ALJ has the duty to evaluate conflicts in the evidence.  *See* 20 C.F.R. § 416.927(c)(i); *Brault,* 683 F.3d at 448 ("Once the ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would have to conclude otherwise"); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise."  *Morris v. Berryhill*, No. 16-02672, 2018 WL 459678, at *3 (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  Therefore, the ALJ properly considered evidence in the record and his findings in the various domains were supported by substantial evidence.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:        November 13, 2020

William B. Mitchell Carter
U.S. Magistrate Judge

14